**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Submitted October 21, 2010[*]
Decided November 3, 2010

### Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 09-3575 <br><br> CARL GALLO, <br>     *Plaintiff-Appellant*, <br><br>      *v.* <br><br> ADRIAN FEINERMAN and FAISAL AHMED, <br>     *Defendants-Appellees*. | Appeal from the United States District Court for the Southern District of Illinois. <br><br> No. 07-cv-32-MJR <br> Michael J. Reagan, *Judge*. |

### Order

Carl Gallo contends that two doctors violated his right under the eighth amendment to be free of cruel and unusual punishment. The district court dismissed Gallo's complaint under 28 U.S.C. §1915A before it had been served on the defendants.

According to the complaint and its attachments, Gallo suffers from ulcerative colitis and gastroesophageal reflux disease. For current purposes we must assume that both conditions are serious, so that deliberate indifference to them (and their symptoms) would violate the Constitution. See *Farmer v. Brennan*, 511 U.S. 825 (1994). Gallo contends that Faisal Ahmed, his prison physician through summer 2005, compelled him to take Sulfasalazine, a drug for his colitis, on an empty stomach, causing discomfort and reducing the drug's efficacy. He also contends that Ahmed substituted Prilosec for Prevacid as the drug to treat the reflux disease. Another physician had prescribed Prevacid; Ahmed overrode this and, according to Gallo, stated: "I don't care what an-

---

[*] The defendants were not served with process and have elected not to participate in the appeal. After examining appellant's brief and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

other doctor ordered". The complaint's final allegation with respect to Ahmed is that in November 2004 he cancelled an appointment for a colonoscopy that a specialist had ordered. Three months later a colonoscopy was performed.

Adrian Feinerman took over as Gallo's doctor in August 2005. By then Gallo was back on Prevacid, which an outside physician had prescribed. Feinerman cancelled this prescription and told Gallo to take Prilosec. Gallo told Feinerman that Prilosec made him nauseous; caused chest pain, rash and a swollen tongue; and led to excessive bowel movements containing blood and mucus. Medical notes in Gallo's file confirmed these statements; the adverse reactions to Prilosec were why the outside physician had prescribed Prevacid. The complaint alleges that Feinerman was indifferent to the suffering that Prilosec caused Gallo—who refused to take Prilosec and then had to endure the consequences of gastroesophageal reflux disease, which Gallo deemed more bearable than the consequences of Prilosec. (A victim of gastroesophageal reflux disease brings stomach acids into the esophagus, which causes physical damage to the throat's lining; the condition is experienced as heartburn and pain when swallowing. Gallo alleges that he suffered from an additional, though less common, symptom: asthma attacks caused by inflammation of the bronchial tubes.)

Gallo sued Ahmed more than two years after the prison's administrative-review process rejected his complaints about Ahmed's decisions concerning the drugs. The district court concluded that the suit was untimely with respect to these claims. Gallo contends that the suit is timely because the decisions of Ahmed and Feinerman together constitute a "continuing violation." He misunderstands that doctrine, which does not extend the period of limitations for discrete wrongs. See *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

The district court dismissed Gallo's claim concerning the colonoscopy because Ahmed's decision reflected a disagreement within the medical profession about optimal timing, rather than inattention to Gallo's medical condition. It would therefore not be possible for Gallo to establish the mental state required by *Farmer*, the court concluded. Gallo disputes that conclusion on appeal. It is unnecessary for us to address the subject, because the complaint does not allege that the three-month delay caused him any injury. Non-injurious medical decisions do not violate the eighth amendment.

Gallo's claims against Feinerman are timely and materially stronger than those against Ahmed. By mid-2005, medical records established that Gallo does not tolerate Prilosec, while Prevacid treats his condition. Feinerman had a choice: give Gallo a drug that helps him, or give Gallo a drug that harms him. Fully realizing what the choice meant, Feinerman prescribed the harmful drug—and, when Gallo predictably refused to take it, effectively left him to suffer despite the availability of an effective treatment. That is, at least, what the complaint alleges, and for current purposes we must assume that the allegations are correct. Feinerman's statement (to Gallo) that Prilosec was in the prison's formulary, and Prevacid wasn't, is no excuse for giving a prisoner a drug known to cause harm, while effectively leaving a serious medical condition untreated. The complaint states a constitutional claim against Feinerman. Whether the facts will back up Gallo's allegations remains to be seen. Whether limitations in the formulary could support a defense of qualified immunity also may be an issue on remand. Cf. *Gil v. Reed*, 381 F.3d 649, 663 n.3 (7th Cir. 2004).

The judgment is affirmed with respect to Ahmed and reversed with respect to Feinerman, and the case is remanded for further proceedings consistent with this order.