NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted August 22, 2013*

Decided August 27, 2013

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 12-3073 | Appeal from the United States District Court for the Southern District of Illinois. |
| CARL GALLO, | |
| *Plaintiff-Appellant*, | No. 07-cv-32-SCW |
| *v.* | Stephen C. Williams, |
| ADRIAN FEINERMAN, | *Magistrate Judge*. |
| *Defendant-Appellee*. | |

## Order

   *Gallo v. Feinerman*, No. 09-3575 (7th Cir. Nov. 3, 2010) (nonprecedential), held that Carl Gallo had made out a constitutional claim against Adrian Feinerman, one of his prison physicians, by alleging that Feinerman prescribed a drug known to have side effects that were, for Gallo, worse than his condition (gastroesophageal reflux disease),

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

while withholding a medication that Feinerman knew would treat the disease without side effects.

On remand, a jury trial was held and ended in a verdict for Feinerman. Gallo presents a single argument on appeal: That the district court should have allowed him to question Feinerman about what happened to his medical license after he retired from practice. Gallo asserts that the DEA suspended Feinerman's license "for improperly prescribing drugs."

Though represented by counsel at trial, Gallo did not make an offer of proof and therefore has not preserved this issue for appellate review. See Fed. R. Evid. 103(a)(2). The Drug Enforcement Administration does not license people to practice medicine, though it does control physicians' ability to prescribe drugs such as opiates that are on federal schedules of controlled substances. For all this record reveals, the DEA concluded that Feinerman has prescribed painkillers excessively. Such a conclusion would have no bearing on the question whether, in choosing how to treat Gallo's acid reflux disease, Feinerman made appropriate medical judgments. Without an offer of proof, neither the district court nor this court could evaluate the evidence's relevance or accurately apply Rules 403 and 404 of the Federal Rules of Evidence.

AFFIRMED